IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DRAYE D. DURHAM, : | |
|     Petitioner, : | |
|     vs. : | |
| : | CIVIL ACTION |
| JOSEPH J. PIAZZA; THE DISTRICT : | |
| ATTORNEY OF THE COUNTY OF : | NO. 07-4338 |
| PHILADELPHIA; and, THE ATTORNEY : | |
| GENERAL OF THE STATE OF : | |
| PENNSYLVANIA, : | |
|     Respondents. : | |

DuBOIS, J.                                              SEPTEMBER 9, 2009

**M E M O R A N D U M**

**I.     INTRODUCTION**

The facts of the case and the issues raised by the *pro se* Petition for Writ of Habeas Corpus are adequately summarized, for purposes of this Memorandum, in the Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated July 22, 2008. To the extent necessary, Court will refer to those facts and issues without further elaboration in this Memorandum. The Court writes at this time (1) to address petitioner's objection concerning Magistrate Judge Perkin's failure to review the entire state court record and (2) to provisionally approve certain recommendations made by Magistrate Judge Perkin.

Petitioner, in his *pro se* Petition for Writ of Habeas Corpus and related filings, raised twelve allegations of state court error for federal review.[1] (*See* R&R 5-7.) The claims, as

---

[1] The Court recognizes that certain of the enumerated allegations of state court error include multiple subclaims, *e.g.*, prosecutorial misconduct, trial court error, and ineffective assistance of counsel all related to a single issue, and that each subpart is treated separately for purposes of assessing which claims are procedurally defaulted. Because this Memorandum primarily addresses petitioner's objections concerning the Magistrate Judge's review of an incomplete state court record, the Court does not address in detail the specifics of each claim.

summarized in the Report and Recommendation, are as follows:

      1.  <u>Gloria Davis</u>: Petitioner claims ineffective assistance of counsel for failing to call Gloria Davis as a witness.

      2. <u>Tampering with Evidence</u>: Petitioner claims: (i) prosecutorial misconduct because the prosecutor showed evidence to witnesses in the hallway outside the courtroom; (ii) trial court error for allowing the prosecutor's actions to occur; and (iii) ineffective assistance of counsel for failing to pursue objections on this matter.

      3.  <u>Improper Closing Argument</u>: Petitioner avers: (i) prosecutorial misconduct for mischaracterizing a witness'[s] testimony, vouching for certain witness[es]' testimony as "truth," and misleading the jury about the lineup; (ii) trial court error for allowing the prosecutor's actions to occur; and (iii) ineffective assistance of counsel for failing to object.

      4.  <u>Unconstitutional Search and Seizure</u>: Petitioner argues: () trial court error for admitting an improper search warrant and an unauthentic consent form to search Gloria Davis'[s] house; and (ii) ineffective assistance of counsel for failing to raise this issue.

      5.  <u>Suggestive Identification</u>: Petitioner claims: (i) trial court error for admitting into evidence identification from a suggestive photo array: and (ii) ineffective assistance of counsel for not objecting to the identification.

      6.  <u>"No Adverse Inference" Instructions</u>: Petitioner asserts: (i) trial court error for not giving proper "no adverse inference" instructions; and (ii) ineffective assistance of counsel for not demanding the instructions.

      7.  <u>Kloiber Charge</u>: Petitioner claims: (i) trial court error for not giving proper Kloiber charges to the jury; and (ii) ineffective assistance of counsel for not demanding the charge.

      8.  <u>Excessive Sentencing</u>: Petitioner argues: (i) trial court error for unjustified and manifestly unreasonable sentencing; and (ii) ineffective assistance of counsel for failing to object and preserve sentencing issues.

      9.  <u>Equal Protection</u>: Petitioner avers: () trial court error for not applying the law equally; and (ii) ineffective assistance of counsel for not raising this issue.

      10.  <u>Improper Consolidation</u>: Petitioner argues that the trial court erred by consolidating the five robberies into one trial.

      11.  <u>Uncharged Robbery Arrest</u>: Petitioner asserts trial court error for admitting into evidence an uncharged arrest.

      12.  <u>General Error</u>: Petitioner asserts: (i) trial court error and abuse of discretion for allowing Constitutional errors to go uncorrected; and (ii) ineffective assistance of counsel for failing to raise issues that could have been presented on

appeal.

(R&R 5-7 (internal citations omitted).) Magistrate Judge Perkin determined that all twelve claims were either procedurally defaulted, noncognizable, and/or without merit as follows:

<u>Claims 1-5</u>: Not exhausted or procedurally defaulted by virtue of state court waiver;

<u>Claims 6-8, 10-11</u>: Without merit

<u>Claims 9, 12</u>: Noncognizable and/or not exhausted

Petitioner objects to Magistrate Judge Perkin's recommendations as to Claims 1-8 and 10-11; Petitioner did not object to Magistrate Judge Perkin's recommendations as to Claims 9 and 12. For the challenged recommendations, petitioner states that Magistrate Judge Perkin erred because he "failed to Request a Complete [State] Court Transcripts, (Record) for Review of Petitioner's Writ of Habeas Corpus, . . . only rel[y]ing on the State Court Opinions to determine his Report and Recommendation."[2] (Obj. 1-2; see also id. at 5, 9, 12, 16, 18-19, 21, 26, 30.) The petitioner also raises a number of substantive objections to the recommendations made by Magistrate Judge Perkins on the challenged claims, which will not be addressed by the Court at this time.

**II.   DISCUSSION**

    **A.   Petitioner's Objections to Magistrate Judge Perkin's Consideration of an Incomplete State Court Record**

In support of his argument that Magistrate Judge Perkin erred by failing to request and

---

[2] The Court notes that petitioner did not repeat this objection with regard to Magistrate Judge Perkin's recommendation on Claim 11. (Obj. 35-42.) Nevertheless, the Court will interpret petitioner's state-court-record objection as a global objection which applies to all recommendations made by the Magistrate Judge. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (stating that courts should "hold [*pro se* allegations] to less stringent standards than formal pleadings drafted by lawyers").

3

review the entire state court record, petitioner cites Adams v. Holland, 330 F.3d 398 (6th Cir. 2003). In that case, the petition for writ of habeas corpus alleged, *inter alia*, that Adams's Confrontation Clause rights were violated by the admission of his co-defendant's hearsay testimony during trial. Id. at 400. The district court found that Adams had not exhausted his Confrontation Clause claim because he failed to include it in his state supreme court application for permission to appeal. Id. On appeal, the Sixth Circuit ruled, based on a retroactive change in state procedural law, that Adams had exhausted his federal claim. Id. at 402.

The court next addressed Adams's request to amend the record on appeal because the district court did not review the portion of the trial transcript which covered closing arguments. Id. at 405. Concluding that such amendment was not permitted by the appellate rules, the court nevertheless determined that the omission was error. The court held that "a District Court must make a review of the entire state court trial transcript in habeas cases, and where substantial portions of that transcript were omitted before the District Court, a habeas case should be remanded to the District Court for consideration in light of the full record." Id. at 406.

Other circuit courts, cited in Adams, have reached the same conclusion—that the district courts in those cases improperly failed to review relevant portions of the state court record. Magouirk v. Phillips, 144 F.3d 348, 362-63 (5th Cir. 1998); Aliwoli v. Gilmore, 127 F.3d 632, 633-34 (7th Cir. 1997); Beck v. Bowersox, 257 F.3d 900, 901-02 (8th Cir. 2001); Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1219 (11th Cir. 2000). However, other circuit courts have ruled that a district court need not always review the entire state court record. See, e.g., Nash v. Eberlin, 437 F.3d 519, 525 (6th Cir. 2006) (noting that an earlier Sixth Circuit case, Loveday v. Davis, 697 F.2d 135 (6th Cir.1983), "rejected a strict rule requiring a district court to read the state-court trial transcript in every

4

habeas proceeding" but concluding that Loveday did not prevent the court "from remanding for such a review if [it] believe[s] that extra information is required"); Jeffries v. Morgan, 522 F.3d 640, 644-645 (6th Cir. 2008); Ferguson v. Culliver, 527 F.3d 1144, 1148-49 (11th Cir. 2008) (assessing the importance of the trial transcripts to petitioner's claim involving waiver of assistance of counsel).

In the Report and Recommendation, Magistrate Judge Perkin reached the merits on five of petitioner's claims—Claims 6-8 and 10-11. Magistrate Judge Perkins also assessed the merits of petitioner's procedurally defaulted claims in the process of determining that there was no fundamental miscarriage of justice. Most of these claims concern alleged errors committed during trial or at sentencing, either by the court, by the prosecution, or by defense counsel. Some of Magistrate Judge Perkin's merits analysis did not require that he review the entire state court record. For example, Magistrate Judge Perkin properly concluded that claims which allege erroneous application of state law are not cognizable on federal habeas corpus review. However, to the extent that Magistrate Judge Perkin addressed petitioner's federal claims on the merits, he should have reviewed the portions of the state court trial transcripts, sentencing transcripts, and related documents applicable to those claims. Magistrate Judge Perkin's analysis with respect to the merits of petitioner's unexhausted or procedurally defaulted claims also required that he review the state court record.

It appears from the Report and Recommendation that Magistrate Judge Perkin's review of the state court record was limited to the documents attached to the parties' filings with this Court. (R&R 1 n.1.) Those documents include: (1) state court dockets, (2) petitioner's state court

5

motion for modification of sentence, direct appeal brief, PCRA petition,[3] and PCRA appeal brief, and (3) state court opinions for petitioner's direct appeal, PCRA petition, and PCRA appeal. (Resp. to Pet., Exhs. A-K.) Respondents specifically stated in their brief that they had not included copies of trial and sentencing transcripts because such materials would typically be included in the state court record ordered by the court, but noted that they would be willing to provide notes of testimony upon request. (Resp. to Pet. 2 n.1.)

This Court does not approve and adopt Magistrate Judge Perkin's recommendations with regard to the merits of petitioner's claims in light of the fact that those recommendations are not based on a review of the entire state court record. Accordingly, the Court sustains petitioner's objections and rejects the Report and Recommendation. The case is remanded to Magistrate Judge Perkin for an amended report and recommendation based on a review of the state court trial transcripts, sentencing transcript(s), and any other portions of the record previously omitted.

**B.     Provisional Approval of Parts of the Report and Recommendation**

Notwithstanding the above ruling on petitioner's state-court-record objection, the Court has reviewed the portions of the record currently before the Court and provisionally approves certain of Magistrate Judge Perkin's recommendations with regard to exhaustion and procedural default. This approval is subject to the proviso that if Magistrate Judge Perkin concludes that a revision of these parts of the Report and Recommendation is required after review of the relevant parts of the state court record, he should do so and the Court will re-consider its preliminary approval.

Magistrate Judge Perkin concluded that petitioner did not exhaust Claims 1, 4, and 5. The

---

[3] Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541.

Court preliminarily approves those parts of the Report and Recommendation. Claim 1 was presented in petitioner's PCRA petition, but was not included in his PCRA appeal. (Resp. to Pet., Exh. G at 2; id. Exh. I at 5.) Claims 4 and 5 were not presented on direct appeal or in petitioner's PCRA filings. (Resp. to Pet., Exhs. D, G, I.)

The Court also preliminarily approves Magistrate Judge Perkin's conclusion that Claim 3, which alleges prosecutorial misconduct, trial court error, and ineffective assistance of counsel relating to certain statements made during the prosecution's closing argument, was not exhausted insofar as it challenged the prosecutor's mischaracterization of witness testimony and vouching for certain witnesses. These issues were not presented in petitioner's direct appeal or PCRA proceedings. (Resp. to Pet., Exhs. D, G, I.) To the extent that Claim 3 challenges the prosecutor's references to the line-up as a "game," the Pennsylvania Superior Court ruled that petitioner waived this issue by not raising the prosecutorial misconduct and trial error on direct appeal, (Resp. to Pet., Exh. J at 7), and by failing to sufficiently argue ineffective assistance of counsel in his PCRA appeal (Resp. to Pet., Exh. J at 13). However, the Magistrate Judge did not address whether either waiver would constitute an independent and adequate state ground and his citation to Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), on this issue is inapposite. Although the Court preliminarily approves Magistrate Judge Perkin's finding with regard to state court waiver of parts of Claim 3, it reserves consideration of whether the claim is procedurally defaulted.

With regard to Claim 2, Magistrate Judge Perkin states that "this claim is procedurally defaulted, as the Superior Court deemed the issue waived." (R&R 13.) This Court is unable to find any such ruling by the Superior Court. Nevertheless, the Court notes that petitioner failed to exhaust Claim 2 because it was not presented in his PCRA appeal. (Resp. to Pet., Exhs. I, J.)

In the amended report and recommendation, Magistrate Judge Perkin will have to

7

consider whether the issues raised by petitioner in Claims 1-5 present a fundamental miscarriage of justice. In doing so, he should review the pertinent parts of the state court record. This Court's preliminary approval of those claims will be reconsidered depending upon the outcome of that review.

Finally, the Court preliminarily approves Magistrate Judge Perkin's recommendations as to Claims 9 and 12, to which petitioner did not object.

Because the remaining claims were reached on the merits by Magistrate Judge Perkin, the Court will reserve consideration of Magistrate Judge Perkin's recommendations on these claims pending the issuance of an amended report and recommendation after a review of the entire state court record.

### III.    CONCLUSION

For all of the foregoing reasons, this Court sustains petitioner's objections based on Magistrate Judge Perkin's failure to review the entire state court record and rejects the Report and Recommendation issued by Magistrate Judge Perkin on July 22, 2008. A review of the entire state court record is required with respect to some, but not necessarily all, of petitioner's claims. The Court leaves to Magistrate Judge Perkin the decision as to which claims require a review of the entire state court record and which do not.

The Court remands the petition to Magistrate Judge Perkin for an amended report and recommendation following review of the entire state court record. In all other respects, petitioner's objections are overruled without prejudice to petitioner's right to object, if warranted, following the issuance of an amended report and recommendation.