IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DRAYE D. DURHAM,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 07-4338 |
| **JOSEPH J. PIAZZA, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents. | : | |

**DuBOIS, J.**  February 11, 2011

**M E M O R A N D U M**

**I. INTRODUCTION**

Petitioner Draye D. Durham was convicted in 2001 of a series of robberies in the Mount Airy section of Philadelphia in November 2000. He is serving a sentence of 55 years to 110 years at the State Correctional Institution at Coal Township.

Petitioner filed a pro se Petition for Writ of Habeas Corpus ("the Petition") in this Court on October 16, 2007. On July 22, 2008, United States Magistrate Judge Henry S. Perkin submitted to the Court a Report and Recommendation ("R & R"), recommending that all claims in the Petition be denied or dismissed with prejudice without an evidentiary hearing. By Memorandum and Order of September 9, 2009, the Court rejected the R & R on the ground that, in preparing it, Magistrate Judge Perkin did not have the entire state court record before him.

The Magistrate Judge then obtained the state court record and submitted to this Court an Amended Report and Recommendation ("Amended R & R") dated April 15, 2010, once again recommending that all claims in the Petition be denied or dismissed with prejudice without an evidentiary hearing. Petitioner subsequently filed objections to the Amended R & R, which are presently before the Court.[1]

For the reasons that follow, the Amended R & R is approved and adopted in part – as supplemented by this Memorandum – and rejected in part; petitioner's Objections are sustained in part and overruled in part; and all of petitioner's claims are either dismissed with prejudice or denied without an evidentiary hearing.

## II. BACKGROUND AND LEGAL STANDARD

The facts of this case and the applicable legal standards are described in detail in the Amended R & R. The Court will not repeat them in this Memorandum except as is necessary to explain its rulings on the Objections.

## III. DISCUSSION

The Petition sets forth twelve sets of claims; the Magistrate Judge recommended denying or dismissing with prejudice all of them. Petitioner has filed Objections to the Magistrate Judge's conclusion with regard to ten of those sets of claims.

As described below, the Court approves and adopts the Amended R & R as to all but the seventh set of claims.[2] As to that set of claims, the Court rejects only the Magistrate Judge's

---

[1] The Objections became fully briefed on December 22, 2010, when petitioner filed a reply brief in support of his Objections.

[2] The sets of claims are addressed and numbered in the order presented in the Amended R & R.

conclusion that petitioner failed to put forth a cognizable federal claim related to the jury charge. Because that claim is meritless, however, the Court denies habeas relief on that ground. The Court approves and adopts the Amended R & R's analysis of the seventh set of claims in all other respects.

Before evaluating petitioner's individual objections to each set of claims, the Court will amplify briefly the Magistrate Judge's discussion of the law of exhaustion and procedural default and explain why the Court does not address the merits of any of petitioner's procedurally defaulted claims.

A. Exhaustion and Procedural Default

As a general matter, a prisoner held pursuant to a state conviction can only obtain federal habeas relief if he has first exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Where an unexhausted claim can no longer be presented in state court, it is considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). A claim is also procedurally defaulted if the state court imposes a procedural bar to review, so long as the procedural rule applied is "'firmly established and regularly followed' at the time of the alleged procedural default." Lewis v. Horn, 581 F.3d 92, 105 (3d Cir. 2009) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Procedural default will only be excused in two circumstances. First, a petitioner can overcome procedural default if he can prove "cause" and "prejudice" for the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Cause is present where the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice exists where

the petitioner shows "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis omitted)). In the alternative, a petitioner also can overcome procedural default if he can demonstrate that the absence of federal consideration of his claims will lead to a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 315 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). Such a miscarriage of justice is established where the petitioner adduces "new reliable evidence . . . not presented at trial" of his actual innocence of the crimes for which he has been convicted. Id. at 324.

In this case, all the claims petitioner failed to exhaust in state court are time-barred. See 42 Pa. Cons. Stat. § 9545(b)(1). Therefore, they are procedurally defaulted. Petitioner has not established cause and prejudice for his failure to raise any of these claims or any of the other claims he defaulted. He also has not adduced any new evidence sufficient to demonstrate his actual innocence such that failure to consider his defaulted claims will result in a "fundamental miscarriage of justice." Thus, the Court will not examine the merits of any of the claims it determines are procedurally defaulted. The Court now turns to the individual sets of claims raised in the Petition.

B. Claim One: Gloria Davis

Petitioner asserts that his counsel was ineffective for failing to call a woman named Gloria Davis as a witness. As the Magistrate Judge noted, petitioner failed to present this claim to the Superior Court of Pennsylvania when it heard the appeal of the denial of his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq. (See Resp'ts'

Resp., Ex. I.) The claim, therefore, is not exhausted and is procedurally defaulted. Given the absence of cause and prejudice or a "fundamental miscarriage of justice," the Court will not reach the merits of this claim. Petitioner's objections are overruled, and this claim is dismissed with prejudice.

C. Claim Set Two: Evidence Tampering

Petitioner next sets forth a series of claims related to allegations that the prosecutor improperly showed evidence to witnesses in the courthouse hallway. None of these claims, however, were raised before the Superior Court, either on direct appeal or collateral review. (See Resp'ts' Resp., Ex. D, I.) All of these claims, therefore, are not exhausted and are procedurally defaulted, and the Court will not assess their merits. Petitioner's objections are overruled, and this set of claims is dismissed with prejudice.

D. Claim Set Three: Improper Closing Argument

Petitioner's third set of claims deals with the prosecutor's closing argument. Petitioner asserts the following errors: (i) prosecutorial misconduct for labeling the process of putting together a line-up a "game," vouching for Commonwealth witness testimony as the "truth" and mischaracterizing the testimony of one of the victims; (ii) trial court error for allowing the prosecutor's conduct; and (iii) ineffective assistance of counsel for failing to properly preserve and raise all of these claims.

Petitioner's claim of misconduct related to the "game" comment was rejected by the PCRA Superior Court because petitioner failed to raise it on direct review. (See Resp'ts' Resp., Ex. J at 7.) The Superior Court also found petitioner's claim of ineffective assistance of appellate counsel related to the "game" comment waived because petitioner did not provide sufficient elaboration

and support in his PCRA appellate brief. (Id. at 13.) Each of these decisions was made "pursuant to an independent and adequate state procedural rule." Coleman, 501 U.S. at 750. Thus, both claims are procedurally defaulted and will not be reviewed on the merits.

The remainder of the claims were never raised before the Superior Court, either on direct or collateral review, and therefore are not exhausted and are procedurally defaulted.[3] These claims will not be reviewed on the merits.

All of petitioner's objections as to the third set of claims are overruled. This set of claims is dismissed with prejudice.

### E. Claim Set Four: Unconstitutional Search and Seizure

Petitioner alleges that a search of the home of Gloria Davis was conducted in violation of the Fourth Amendment and that counsel was ineffective for failing to object to the introduction of evidence gleaned from the search. As the Magistrate Judge wrote, these claims are not exhausted because they have never been raised before. Thus, they are procedurally defaulted and will not be reviewed on the merits. Petitioner's objections are overruled, and this set of claims is dismissed with prejudice.[4]

### F. Claim Set Five: Suggestive Identification

In his fifth set of claims, petitioner avers that the photo array shown to one of the victims

---

[3] Some – and arguably all – of these claims were never raised in any state court.

[4] Additionally, the Court notes that "federal courts [can]not, on a state prisoner's petition for a writ of habeas corpus, consider a claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial, when the prisoner has had an opportunity for full and fair litigation of that claim in the state courts." Cardwell v. Taylor, 461 U.S. 571, 572 (1983).

was impermissibly suggestive, and that counsel was ineffective for failing to raise the claim. As the Magistrate Judge correctly noted, both of these claims are raised in this Court for the first time; neither claim is exhausted. Therefore, these claims are procedurally defaulted and will not be reviewed on the merits. Petitioner's objections are overruled, and this set of claims is dismissed with prejudice.

G. Claim Set Six: "No Adverse Inference" Instruction

Petitioner next asserts that the trial court erred by failing to instruct the jury that it could not draw an adverse inference from his failure to testify, and counsel was ineffective for failing to request such an instruction. The PCRA Superior Court rejected the underlying claim as waived because petitioner failed to raise it on direct review. (See Resp'ts' Resp., Ex. J at 7.) This decision was made "pursuant to an independent and adequate state procedural rule." Coleman, 501 U.S. at 750. Therefore, the underlying claim is procedurally defaulted and will not be reviewed on the merits. Petitioner's objection with respect to this claim is overruled, and this claim is dismissed with prejudice.

The ineffective assistance claim has been properly preserved but is meritless. While the trial court did not give a "no adverse inference" instruction at the conclusion of trial, it did give such an instruction twice before any evidence was presented. (See NT, 10/11/01, at 14, 66.) "A jury is presumed to follow its instructions." Weeks v. Angelone, 528 U.S. 225, 234 (2000). As such, even if petitioner could prove that counsel's failure to request a third instruction constituted deficient performance – which he cannot – the claim would fail for want of prejudice. See Strickland v. Washington, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

had no effect on the judgment."). The state court's ruling on this claim thus was not "an unreasonable application" of "clearly established" federal law. 28 U.S.C. § 2254(d)(1). Accordingly, petitioner's objection with respect to this claim is overruled, and this claim is denied.

      H. Claim Set Seven: Kloiber Charge

In his seventh set of claims, petitioner asserts that the trial court erred by instructing the jury with an incomplete version of the charge required by Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954), and that counsel was ineffective for failing to pursue such a charge. "Under Kloiber a charge that a witness'[s] identification should be viewed with caution is required where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." Commonwealth v. Ali, 10 A.3d 282, 303 (Pa. 2010) (quoting Commonwealth v. Gibson, 688 A.2d 1152, 1163 (Pa. 1997)).

The Magistrate Judge correctly concluded that, since the ineffective assistance claim was never previously raised, it is not exhausted and is procedurally defaulted. That claim will not be reviewed on the merits. The Magistrate Judge was also correct that, to the extent petitioner asserts that the charge violated state law, such a claim is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a). As to these conclusions, petitioner's objections are overruled, and these claims are dismissed with prejudice.

The Magistrate Judge erred, however, in concluding that petitioner failed to allege that the failure to give a proper Kloiber instruction violated his due process rights under the Fourteenth Amendment. Petitioner made just such an allegation in his direct appeal brief to the Superior

Court. (See Resp'ts' Resp., Ex. D at 36.) Thus, petitioner's objection to this conclusion in the Amended R & R is sustained, and the Court will review the claim on the merits.[5]

"Habeas relief for a due process violation concerning an absent or defective jury instruction is available only when the absence of an instruction, or a defective instruction, infects the entire trial with unfairness." Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010) (quoting Albrecht v. Horn, 485 F.3d 103, 129 (3d Cir. 2007)). Moreover, "[a] federal court may re-examine a state court's interpretation of its own law only where the interpretation 'appears to be an obvious subterfuge to evade consideration of a federal issue. . . .'" Id. at 310 (quoting Hallowell v. Keve, 555 F.2d 103, 107 (3d Cir. 1977)). In this case, the Superior Court already determined, as a matter of state law, that the charge given was sufficient. There is no evidence to demonstrate that the Superior Court's determination was designed to evade federal review. The Court thus defers to the state court's determination that the instruction was proper under Pennsylvania law.

Petitioner has failed to demonstrate that the Kloiber instruction was improper under state law. Likewise, he has failed to make the much more substantial showing that the instruction was so damaging as to "infect[] the entire trial with unfairness." Id. at 309. Accordingly, the Court denies habeas relief as to the claim that the purportedly defective Kloiber charge violated petitioner's due process rights.

I. Claim Set Eight: Excessive Sentencing

Petitioner next claims that the sentence imposed on him was illegal and excessive and

---

[5] The Court's review proceeds de novo because the state courts did not reach the merits of this claim. See Bond v. Beard, 539 F.3d 256, 263 (3d Cir. 2008).

that counsel was ineffective for failing to properly preserve his sentencing claims.

The underlying claim was found waived by the Superior Court on direct review for failure to raise at sentencing and in post-sentencing motions. (See Resp'ts' Resp., Ex. E at 12.) This decision was made "pursuant to an independent and adequate state procedural rule." Coleman, 501 U.S. at 750. Therefore, the underlying claim is procedurally defaulted and will not be reviewed on the merits. Petitioner's objection with respect to this claim is overruled, and this claim is dismissed with prejudice.

The ineffective assistance claim is properly preserved but is meritless. The PCRA Superior Court determined, as a matter of state law, that a challenge to the length of petitioner's sentence would have been denied. (See id., Ex. J at 11.) This Court defers to the Superior Court's interpretation of state law. Real, 600 F.3d at 310. As the underlying claim was meritless, counsel cannot be ineffective for failing to raise it. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). The Superior Court's ruling on this claim thus was not "an unreasonable application" of "clearly established" federal law. 28 U.S.C. § 2254(d)(1). Accordingly, petitioner's objection with respect to this claim is overruled, and this claim is denied.

J. Claim Set Nine: Equal Protection

In his ninth set of claims, petitioner raises a vague claim that his equal protection rights were violated and asserts his counsel was ineffective for failing to pursue the claim. The Magistrate Judge correctly concluded that neither claim was presented in state court, neither claim is exhausted and both claims are procedurally defaulted. Petitioner did not object to the Magistrate Judge's conclusions. Having reviewed the record, the Court approves and adopts the

Amended R & R as to this set of claims, which is dismissed with prejudice.

K. <u>Claim Ten: Improper Consolidation</u>

Next, petitioner argues that the five robberies for which he was convicted were improperly consolidated into one trial. The Magistrate Judge correctly concluded that this is an issue of state law, noncognizable on federal habeas review. <u>See</u> 28 U.S.C. § 2254(a). To the extent petitioner now attempts to frame this issue as implicating the Sixth Amendment, he has not previously presented such a claim in state court. The claim therefore is not exhausted and is procedurally defaulted. Accordingly, the Court will not evaluate the merits of the claim. Petitioner's objections are overruled, and this claim is dismissed with prejudice.

L. <u>Claim Eleven: Uncharged Robbery Arrest</u>

Petitioner also asserts that the trial court erred by admitting testimony regarding a robbery arrest of petitioner for which he was never charged. The Magistrate Judge correctly concluded that this is an issue of state law, noncognizable on federal habeas review. <u>See</u> 28 U.S.C. § 2254(a). To the extent petitioner now attempts to frame this issue as implicating his due process rights under the Fourteenth Amendment, he has not previously presented such a claim in state court. The claim therefore is not exhausted and is procedurally defaulted. Accordingly, the Court will not evaluate the merits of the claim. Petitioner's objections are overruled, and this claim is dismissed with prejudice.

M. <u>Claim Set Twelve: General Error</u>

Finally, petitioner argues that the trial court erred generally by failing to correct the various errors at trial and that counsel was ineffective for failing to preserve and pursue them. The Magistrate Judge correctly concluded that both claims are simply too vague to provide a

basis for habeas relief. Petitioner did not object to the Magistrate Judge's conclusions. Having reviewed the record, the Court approves and adopts the Amended R & R as to this set of claims, which is dismissed with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Amended R & R is approved and adopted in part – as supplemented by this Memorandum – and rejected in part; petitioner's objections are sustained in part and overruled in part; and all of petitioner's claims are either dismissed with prejudice or denied without an evidentiary hearing. An appropriate order follows.