IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DRAYE D. DURHAM,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 07-4338 |
| **JOSEPH J. PIAZZA, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this 11th day of February 2011, upon consideration of petitioner's pro se Petition for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed October 16, 2007), Response to Petition for Writ of Habeas Corpus (Document No. 9, filed February 19, 2008), Petitioner's Reply to Respondent's Response to Petitioner's Application for Writ of Habeas Corpus § 2254 (Document No. 13, filed April 8, 2008), Response to Petitioner's Reply (Document No. 15, filed April 17, 2008) and petitioner's Petition for Certified Record Inventory (Document No. 29, filed September 21, 2009), after review of the Amended Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Document No. 31, dated April 15, 2010, filed April 16, 2010), Petitioner's Objections to Magistrate's Amended Report and Recommendation on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2254 (Document No. 34, filed August 11, 2010), Response to Objections to

-1-

Amended Report and Recommendation (Document No. 44, filed November 2, 2010) and Petitioner's Reply to Respondents' Response to Petitioner's Objections to Magistrate's Amended Report and Recommendation (Document No. 49, filed December 22, 2010), for the reasons set forth in the Memorandum dated February 11, 2011, **IT IS ORDERED** as follows:

1. Petitioner's Petition for Certified Record Inventory (Document No. 29, filed September 21, 2009) is **DENIED AS MOOT** on the ground that the record inventory was included in the Amended Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated April 15, 2010;

2. The Amended Report and Recommendation of Judge Henry S. Perkin dated April 15, 2010 is **REJECTED IN PART** and **APPROVED AND ADOPTED IN PART**, as follows:

    a. That part of the Amended Report and Recommendation that concludes that petitioner failed to properly preserve for review a claim that the trial court's allegedly incomplete jury charge, given pursuant to Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954), violated petitioner's due process rights under the Fourteenth Amendment is **REJECTED**;

    b. The Amended Report and Recommendation is **APPROVED AND ADOPTED** – as supplemented by the Memorandum dated February 11, 2011 – in all other respects;

3. Petitioner's Objections to Magistrate's Amended Report and Recommendation on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2254 (Document No. 34, filed August 11, 2010) are **SUSTAINED IN PART** and

**OVERRULED IN PART**, as follows:

    a.    That part of petitioner's Objections that asserts that petitioner properly preserved for review a claim that the trial court's allegedly incomplete jury charge, given pursuant to <u>Commonwealth v. Kloiber</u>, 106 A.2d 820 (Pa. 1954), violated petitioner's due process rights under the Fourteenth Amendment is **SUSTAINED**;

    b.    Petitioner's Objections are **OVERRULED** in all other respects;

4.    All claims in petitioner's <u>pro se</u> Petition for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed October 16, 2007) are either **DISMISSED WITH PREJUDICE** or **DENIED** without an evidentiary hearing, as follows:

    a.    Claim One (failure to call Gloria Davis), Claim Set Two (alleged evidence tampering), Claim Set Three (allegedly improper closing argument), Claim Set Four (allegedly unconstitutional search of Gloria Davis's home), Claim Set Five (allegedly suggestive photo array), that part of Claim Set Six that alleges error by the trial court for failure to give a "no adverse inference" instruction, those parts of Claim Set Seven that allege ineffective assistance of counsel and trial court error related to the allegedly incomplete <u>Kloiber</u> charge, that part of Claim Set Eight that alleges petitioner's sentence was illegal and excessive, Claim Set Nine (alleged equal protection violations), Claim Ten (allegedly improper consolidation), Claim Eleven (introduction of uncharged robbery arrest) and Claim Set Twelve (claims of general error) are **DISMISSED WITH PREJUDICE**;

b. The Petition is **DENIED** without an evidentiary hearing in all other respects;

5. A certificate of appealability will not issue for any of petitioner's claims because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

6. The Clerk of Court shall **MARK** the case **CLOSED**.

**BY THE COURT:**

 /s/ Hon. Jan E. DuBois
**JAN E. DUBOIS, J.**