IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DRAYE D. DURHAM,
          Petitioner,

    v.

JOSEPH J. PIAZZA,
THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA, and
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA,
          Respondents.

CIVIL ACTION

NO. 07-4338

## MEMORANDUM

**DUBOIS, J.**                                                              **JUNE 12, 2015**

### I.    INTRODUCTION

Petitioner Dray D. Durham ("Durham") is currently serving an aggregate 55 to 110 year

sentence in Pennsylvania for his state conviction for five counts of robbery, five counts of

terroristic threats, and two counts of possession of an instrument of crime. Presently before the

Court is Durham's "Motion to Vacate the District Judge's Order and Memorandum Dated the

11th Day of February 2011, Pursuant to Federal Rules of Civil Procedure 60(B)(6)" ("Rule 60(b)

Motion"). Durham argues that the judgment should be vacated because the decisions in *Cox v.

Horn*, 757 F.3d 113 (3d Cir. 2014) and *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012)

allow this court to consider his procedurally defaulted claims. The Court rejects Durham's

arguments and dismisses the Rule 60(b) Motion as untimely filed.

### II.    BACKGROUND

The facts of this case have been set forth in the previous Opinion of this Court. *See*, 2011

WL 612724 (E.D. Pa. Feb. 11, 2011). Accordingly, the Court recounts only those facts

necessary to resolve the Rule 60(b) Motion.

Following his conviction and sentencing, Durham filed an appeal with the Pennsylvania Superior Court. The Superior Court affirmed the sentence on April 24, 2003. *Commonwealth v. Durham*, 828 A.2d 396 (Pa. Super 2003). The Pennsylvania Supreme Court denied Durham's Petition for Allowance of Appeal on October 15, 2003. *Commonwealth v. Durham*, 834 A.2d, 1141 (Pa. 2003).

Durham filed a *pro se* petition for post-conviction relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, *et seq.* on March 8, 2004. The PCRA court dismissed the petition on November 17, 2005. Durham appealed and the Pennsylvania Superior Court affirmed the PCRA court's dismissal on January 11, 2007. The Pennsylvania Supreme Court denied Durham's Petitioner for Allowance of Appeal on September 28, 2007. *Commonwealth v. Durham*, 932 A.2d 1286 (Pa. 2007).

Durham filed his Petition for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254 in this Court on October 16, 2007. By Order dated February 11, 2011, the claims Durham raised in the petition were either dismissed with prejudice or denied. The United States Court of Appeals for the Third Circuit denied Durham's request for a certificate of appealability on July 1, 2011, on the ground that he did not make a substantial showing of the denial of a constitutional right for essentially the reasons explained in the District Court's February 11, 2011 Memorandum and Opinion.

Durham filed a Petition for Rehearing with Suggestion for Rehearing *en banc* in the Third Circuit on September 20, 2011. Thereafter he filed a Motion to Stay his Petition for Rehearing with Suggestion for Rehearing *en banc* pending the United States Supreme Court decisions in *Perry v. New Hampshire*, 565 U.S. ___, 132 S. Ct. 716 (2012), and *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), which was granted on September 30, 2011.

2

The opinion in *Martinez v. Ryan*, was filed on March 20, 2012. Thereafter, Durham filed a Motion to Lift the Stay and to File a Supplement to Petition for Rehearing in which he argued, *inter alia*, his *Martinez* claims. That Motion was granted by the Court of Appeals on May 1, 2012. By Order dated May 24, 2012, the Court of Appeals denied Durham's Petition for Rehearing with Suggestion for Rehearing *en banc* in which he sought to address, *inter alia*, his *Martinez* claims.

Durham took no further action in the case until December 29, 2014. On that date he filed the pending Rule 60(b) Motion.

## III.   LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *United States v. Hernandez*, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (*quoting Ross v Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances excuse the [party's] failure to proceed sooner." *Ortiz v. Pierce*, No. 08-4877, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014 (*citing Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

## IV. DISCUSSION

In the instant Rule 60(b) Motion Durham raises the following claims: (1) ineffectiveness of trial counsel for failing to interview and present the testimony of Gloria Davis; (2) prosecutorial misconduct in showing a witness evidence outside of the courtroom and ineffectiveness of trial counsel for failing to object to the testimony on this ground; (3) prosecutorial misconduct in the closing argument and ineffectiveness of trial counsel for failing to object on this ground; (4) unconstitutional search and seizure and ineffectiveness of trial counsel for failing to object on this ground; (5) trial court error in admitting identification evidence from a suggestive photo array and ineffectiveness of trial counsel for failing to object on this ground; (6) trial court error for imposing an excessive sentence and ineffectiveness of trial counsel for failing to object on this ground; and, (7) trial court error for consolidating all of the robberies in a single trial.

Durham argues that he exercised reasonable diligence in attempting to present his *Martinez* claims to the Court of Appeals. He also argues that he filed the Rule 60(b) Motion within four months after *Cox* was decided, and thus it was timely filed.

4

The Court concludes that Durham's Rule 60(b) Motion, in which he seeks relief from the Court's Order dated February 11, 2011, based on *Martinez*, was not brought within a reasonable time. *Martinez* was decided on March 20, 2012. Durham filed the Rule 60(b) Motion on December 29, 2014, more than thirty-three months thereafter, and more than thirty-one months after the Court of Appeals declined to address his *Martinez* claims on rehearing by Order dated May 24, 2012.[1] That constitutes an unreasonable delay in filing the Rule 60(b) Motion. Durham's argument that his Rule 60(b) Motion is timely because he filed it within four months after the Court of Appeals decided *Cox*, is rejected for the reasons that follow.

The Court first notes that in *Martinez v. Ryan*, 566 U.S. ____, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's *habeas corpus* jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim. Recognizing this, in *Cox* the Court of Appeals provided guidance for district courts considering *Martinez* in Rule 60(b) motions and in *habeas cases* and remanded the Rule 60(b) motion at issue to the district court for reconsideration in light of that guidance. *See Cox*, 757 F.3d at 124.

---

[1]     The Court does not decide in this Memorandum whether the Order of the Court of Appeals dated May 24, 2012, was a final order denying Durham's *Martinez* claims and instead will decide the Rule 60(b) Motion on the issue of whether it was timely filed.

In *Cox,* the Court of Appeals made clear "at the outset that one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis ... is whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision." *Cox,* 757 F.3d at 115-16. The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed 90 days after the *Martinez* decision, "[wa]s close enough to that decision to be deemed reasonable." *Id.* at 116. However, the panel warned that "unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail." *Id.*

Durham's reliance on *Cox* to excuse his delay is misplaced. *Cox* merely provides courts with guidance in analyzing *Martinez* claims. On the issue of timeliness, *Cox* explains that one of the critical factors in the Rule 60(b) analysis is whether the Rule 60(b) motion was filed within a reasonable time after the *Martinez* decision. Moreover, Durham fails to present any "extraordinary circumstances" which justify the delay in filing. *See Zahl v. Harper*, 403 F. App'x 729, 733-734 (3d Cir. 2010). Thus, the Court dismisses Durham's Rule 60(b) Motion as untimely filed.

## V.     A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE

A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that Durham has not made such a showing with respect to his Rule 60(b) Motion. Therefore, a certificate of appealability will not issue.

## VI. CONCLUSION

For the foregoing reasons Durham's Rule 60(b) Motion is dismissed as untimely filed.

An appropriate order follows.